UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTIAN JOSSUE MATEO LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>Respondent. | Case No. 2:26-cv-03595<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION AND BACKGROUND

On March 13, 2026, pro se Petitioner Christian Jossue Mateo Lopez filed a petition for writ of habeas corpus. *Mateo Lopez v. Warden*, Case No. 2:26-cv-00874-TMC, 2026 WL 1328548, *1 (W.D. Wash. May 13, 2026). He claimed that his continued detention was unlawful because he had been detained for nine months without a bond hearing. *Id*. On May 13, the Court granted the petition. *Id*. at *2. Applying the test from *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1006 (W.D. Wash. 2019), the Court determined that Mr. Mateo Lopez's continued detention had become unreasonable and that he was entitled to a bond hearing. *Id*. at *2–4. The Court ordered Respondents to either release Mateo Lopez or provide him a bond hearing within 14 days of the ruling. *Id*. at *4.

At the bond hearing on May 26, the immigration judge denied bond after determining that Mr. Mateo Lopez was a danger to the community and a flight risk. *Mateo Lopez v. Warden*, Case No. 2:26-cv-00874-TMC, 2026 WL 2664214 *1 (W.D. Wash. Sept. 10, 2026). On August 13, Mr. Mateo Lopez moved to enforce the Court's May 13 order and requested a new bond hearing or release. *Mateo Lopez v. Warden*, No. 2:26-cv-00874-TMC, Dkt. 18 at 2. He claimed that the May 26 bond hearing was inadequate because it did not provide him with a meaningful opportunity to be heard. *Id*. at 5. The Court disagreed and denied the motion. *Mateo Lopez v. Warden*, Case No. 2:26-cv-00874-TMC, 2026 WL 2664214 at *2.

On September 24, Mr. Mateo Lopez filed a new habeas petition challenging his continued detention on due process grounds. Dkt. 1 at ¶ 1. Respondents ask this Court to dismiss the instant petition under the abuse of the writ doctrine. Dkt. 8 at 1.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by...the district courts...within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III. DISCUSSION

Respondents ask the Court to deny the instant petition because it is barred by the abuse of the writ doctrine based on the arguments Mr. Mateo Lopez made in his August 13 motion to enforce. Dkt. 8 at 5–7. In his reply, Mr. Mateo Lopez argues that the abuse of the writ doctrine is inapplicable because the Court's September 10 order concerned the adequacy of an earlier bond hearing rather than the constitutionality of his continued detention since that bond hearing. Dkt. 12 at 1. He claims that his circumstances materially changed since the May 26 bond hearing. Dkt. 1 at 4. He supports this position by pointing out that the length of detention time

has increased and that his dental, physical, and mental health has materially deteriorated. *Id.* ¶¶ 20, 22–26. Because the motion to enforce was part of Mr. Mateo Lopez's previous habeas case, the instant petition is successive of issues already decided in that case. Therefore, the Court agrees with Respondents that the abuse of the writ doctrine applies.

"The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." *McClesky v. Zant*, 499 U.S. 467, 470 (1991). The doctrine "generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation modified).

The Court notes that the general bar against successive habeas petitions set forth in 28 U.S.C. § 2244 does not apply to a petition such as this one that is filed under § 2241. *See Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) ("§ 2244(a) bars successive petitions seeking review of the propriety of a detention pursuant to a judgment of a court of the United States[,] and individuals . . .  in custody pending the outcome of their immigration proceedings are not detained pursuant to a judgment of a court of the United States.") (internal quotation marks omitted). Rather than a hard-and-fast rule such as the one prescribed by § 2244, courts in the immigration context are guided primarily by whether the petitioner can "show cause for failing to raise" a claim in a prior petition and the resulting prejudice. *See McCleskey*, 499 U.S. at 494; *Barapind*, 225 F.3d at 1111–12.

As a threshold matter, Mr. Mateo Lopez sought a new bond hearing in his motion to enforce, just as he does now in the instant petition. *Compare Mateo Lopez v. Warden*, No. 2:26-cv-00874-TMC, Dkt. 18 at 2 *and* Dkt. 1 ¶ 3. Respondents have shown that Mr. Mateo Lopez failed to raise the instant claims in his August 13 motion to enforce. *See* Dkt. 8 at 6. Additionally, Respondents have demonstrated through the declaration of Dr. Eddie Wang that

Mr. Mateo Lopez's medical and dental concerns have been the subject of appointments with health services throughout 2025 and 2026, and to the extent they form the basis for due process claims could have been raised in his earlier habeas proceeding. *See* Dkt. 10. The burden then shifts to the petitioner to show cause or a fundamental miscarriage of justice. *McCleskey*, 499 U.S. at 494–95. Mr. Mateo Lopez does not meet that high bar. Even if the Court were to consider his allegations of deficient medical and dental care as a new due process claim, they do not rise to the level of objective deliberate indifference required to show a constitutional violation. *See Roman v. Wolf*, 977 F.3d 935, 943 (2020) (discussing the test to show a failure to provide conditions of reasonable health and safety to noncitizens in immigration custody). Nor does Mr. Mateo Lopez show legal authority to support his claim that due process requires an additional bond hearing due primarily to the passage of time.

This ruling does not, however, prevent Mr. Mateo Lopez from bringing future claims either for injunctive relief or to challenge the legality of his custody if the circumstances surrounding his medical or dental care deteriorate to the point of placing him at a substantial risk of suffering serious harm. *See Roman*, 977 F.3d at 943.

## IV. CONCLUSION

For the reasons explained above, the petition for writ of habeas corpus (Dkt. 1) is DISMISSED under the abuse of the writ doctrine.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 10th day of November, 2026.

Tiffany M. Cartwright
United States District Judge